FILED
DISTRICT OF WYOMING
U.S. DISTRICT COURT

JUN - 6 2011

U.S. MAGISTRATE JUDGE

# United States District Court
## DISTRICT OF WYOMING

UNITED STATES OF AMERICA

V.

**Jack Kane Parrent Jr.**

CRIMINAL COMPLAINT

11-MJ-100

Case Number: 2:11MZ105-001

I, Alec Chapman, the undersigned complainant being duly sworn, state the following is true and correct to the best of my knowledge and belief. On June 3, 2011, in the District of Wyoming within the exterior boundaries of Yellowstone National Park, an area of exclusive federal jurisdiction, Jack Kane Parrent did;

COUNT I: recklessly engaged in conduct which placed another person in danger of death or serious bodily injury by driving a commercial tour bus, which was loaded with 45 middle school students and 2 adult chaperones, while having a Blood Alcohol Content over 0.091 grams of alcohol per 210 liters of breath; in violation of 36 CFR 4.21(b), WS §6-2-504 (a)(c) – a class A Misdemeanor.

COUNT II: knowingly did operate a motor vehicle with a blood alcohol content greater than 0.08 grams of alcohol per 210 liters of breath, to wit, driving a commercial tour bus, with passengers, from Gardiner, MT to the Lamar Valley in Yellowstone National Park with a blood alcohol content of 0.091 grams of alcohol per 210 liters of breath; in violation of 36 CFR §4.23(a)(2) – a class B Misdemeanor.

COUNT III: knowingly did operate a Commercial Vehicle while on duty with a detectable amount of alcohol, to wit, driving a Commercial Tour Bus, with passengers, from Gardiner, MT to the Lamar Valley in Yellowstone National Park with a blood alcohol content of 0.091 grams of alcohol per 210 liters of breath; in violation of 36 CFR §4.2(b), WS §31-18-303/ WS §31-18-701, 49 CFR §392.5(a)(2) – a class B Misdemeanor.

I further state that I am a U.S. Park Ranger and that this complaint is based on the following facts:
Continued on the attached sheet(s) and made a part hereof: Yes [X] No [ ]

Signature of Complainant

---

1  Criminal Complaint and Affidavit –Operating Commercial Vehicle with measureable amount of alcohol in system

Sworn to before me and subscribed in my presence,

June 6, 2011                    at        Mammoth Hot Springs, Wyoming
Date                                      City and State

Stephen E. Cole, United States Magistrate Judge
Name & Title of Judicial Officer          Signature of Judicial Officer

2   Criminal Complaint and Affidavit –Operating Commercial Vehicle with measureable amount of alcohol in system

## Affidavit of Alec Chapman
### In support of Complaint *U. S. v. Jack Kane Parrent Jr.*

I, **Alec Chapman**, being duly sworn, depose and state the following:

1) As part of this investigation, the following individuals became known to your affiant:
    A) Defendants
        i. Jack Kane Parrent Jr.
        ii. Kevin Leon Stark

    B) U.S. Park Rangers
        i. Brian Chan
        ii. Amanda Wilson
        iii. Russell Miller

    C) Park County Deputies
        i. Greg Todd
        ii. Robert Pohle

2) The National Park Service (NPS) has the authority to enforce Title 18 of the United States Code (U.S.C.) Title 16 U.S.C., and 36 Code of Federal Regulations (CFR) *et seq.*, within the exterior boundaries of Yellowstone National Park (YNP). These laws and regulations make it federal offenses to: Engage in conduct that places another person in danger of death or serious bodily injury; Operate a motor vehicle with a blood alcohol content greater than 0.08 grams of alcohol per 210 liters of breath; Operate a Commercial Vehicle while on duty with a detectable amount of alcohol.

3) INITIAL REPORT
On June 3, 2011 around 1:00 a.m., Park County Deputies Greg Todd and Robert Pohle observed an adult male exit the Two Bit Saloon and throw an empty beer can onto Scott Street. They identified him as Jack K. Parrent. Parrent smelled of an alcoholic beverage, could not speak in complete sentences, and could not remember how to get back to his hotel. The deputies transported him to the Super 8 Hotel. The deputies helped Parrent to his room. Around 6:10 a.m., the hotel clerk called the Yellowstone Communications Center and reported Parrent was driving a bus into Yellowstone.

4) INITIAL OBSERVATION
Around 7:10 a.m., Wilson observed the bus driven by Parrent drift over the center-line three times between Tower Junction and the Specimen Ridge Trailhead parking lot, the distance is approximately 2 miles. Both buses stopped and unloaded passengers at the East Wildlife Overlook in Lamar Valley.

5) INITIAL CONTACT
Chan arrived on scene. Chan and Wilson, contacted Stark and Parrent and noticed an unusual odor. Chan described the odor as a stale fruity scent and Wilson described it as smelling like cologne.

6) CONTACT WITH PARRENT
Parrent stated they finished drinking around 8:30 p.m. Parrent later stated they had finished drinking around 11:30 p.m. Chan administered a portable breath test. The PBT indicated a blood alcohol content of 0.120 grams of alcohol per 210 liters of breath. Parrent stated he was worried about his son riding on the bus with Stark because Stark had been drinking the previous evening.

7) ARREST
Chan advised Parrent and Stark they were under arrest. Parrent and Stark were frisked for weapons, handcuffed and transported to Mammoth Jail.

8) INTOXILYZER
At the Mammoth Jail, Miller administered a breath test to both defendants on the Intoxilyzer 8000. At 9:36 a.m. Kevin Stark registered 0.032 grams of alcohol per 210 liters of breath. At 9:51 a.m. Jack Parrent registered 0.091 grams of alcohol per 210 liters of breath.

9) INTERVIEW
At 2:00 pm, Chan and Wilson returned to the Mammoth Jail to conduct interviews with Parrent and Stark. Parrent did not waive his Miranda rights. Stark waived his Miranda rights. Stark stated during the interview that he went to Parrent's room in the morning to wake him up at 5:00 am and again at 5:50 am. Stark asked Parrent if he should drive and Parrent said he was good to drive.

10) Chan and Wilson know from being at the locations described herein that the place where Stark and Parrent were driving the Karst Stage buses, and the place where they were contacted and arrested, are within the exterior boundaries of Yellowstone National Park.

11) Based on the foregoing, I believe there is probable cause that Jack Kane Parrent Jr. did put the lives of others in danger by operating a loaded commercial tour bus in Yellowstone National Park while having a BAC of at least 0.091 grams of alcohol per 210 liters of breath, in violation of 36 CFR 4.21(b), WS §6-2-504 (a)(c); 36 CFR §4.23(a)(2); and 36 CFR §4.2(b), WS §31-18-303/ WS§31-18-701, 49 CFR §392.5(a)(2).