```
FILED
DISTRICT OF WYOMING
U.S. DISTRICT COURT

DEC 13 2011

U.S. MAGISTRATE JUDGE
```

JAMI REBSOM
Jami Rebsom Law Firm PLLC
P.O. Box 670
Livingston, MT 59047
Telephone: 406/222-5963
ATTORNEY FOR DEFENDANT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF WYOMING YELLOWSTONE NATIONAL PARK

UNITED STATES OF AMERICA,           )     Cause No. 2:11M2105-001
                                    )
            Plaintiff,              )     **MOTION TO DISMISS FOR**
     vs.                            )     **LACK OF SPEEDY TRIAL**
                                    )
JACK KANE PARRENT JR.,              )
            Defendant               )

COMES NOW, Jami Rebsom, attorney for the above-named defendant, and moves the Court for an Order Dismissing this cause for lack of speedy trial.

### FACTUAL AND PROCEDURAL BACKGROUND

On June 3, 2011, Mr. Parrent was arrested for recklessly engaging in conduct that placed another person in danger of death or serious bodily injury, in violation of 36 CFR 4.21(b), WS Section 6-2-504 (a)(c) a class A misdemeanor, operating a motor vehicle with a blood alcohol content greater than 0.08 grams of alcohol per 210 liters of breath, in violation of 36 CFR 4.23(a)(2) a class B misdemeanor, and operating a commercial vehicle while on duty with a detectable amount of alcohol, in violation of 36 CFR Section 4.2(b), WS Section 31-18-303/WS

1. Section 31-18-701, 49 CFR Section 392.5(a)(2), a class B misdemeanor. The Government later
2. dismissed the charge of reckless endangerment. Mr. Parrent filed a request with the Court
3. demanding a jury trial. Mr. Parrent files this motion to dismiss for lack of speedy trial as he was
4. not brought to trial within 70 days.

## ARGUMENT

In any case involving a defendant charged with an offense, the appropriate judicial officer shall after consultation with the counsel for the defendant and the attorney for the government, set the case for trial on a day certain, or list it for trial on a weekly or other short-term calendar at a place within the judicial district so as to assure a speedy trial. U.S.C. Section 3161(a).

Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such an individual was arrested or served with a summons in connection with such charges. *Id.* At Section 3161(b).

In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs. U.S.C. Section 3161(c)(1). If the defendant consents in writing to be tried before a magistrate judge on a complaint, the trial shall commence within seventy days from the date of such consent. *Id.*

In this case, Mr. Parrent has not waived his right to speedy trial. Mr. parent also did not consent in writing to have his cause heard before a magistrate judge. Therefore, the case must be dismissed for lack of speedy trial.

2

|   |   |
|---|---|
| 1 | DATED this 13 day of December, 2011. |
| 2 | By /s/ Jami Rebsom |
| 3 | JAMI REBSOM |

### CERTIFICATE OF SERVICE

I hereby certify that I served a full, true and accurate copy of the foregoing document on the 13 day of December, 2011, to the following named person:

_____ by personal service

_____ by FAX to the following FAX number

_____ by depositing a copy of same in the United States Mail, postage prepaid, and addressed as follows:

Lee Pico
P.O. Box 703
Yellowstone National Park 82190
Via facsimile 307-344-9266

/s/ Jami Rebsom

3