```
                                    FILED
                              DISTRICT OF WYOMING
                               U.S. DISTRICT COURT

                                  DEC 2 0 2011

                              U.S. MAGISTRATE JUDGE
```

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JACK KANE PARRENT, JR., )<br>)<br>Defendant. ) | Case No. 2:11M2105-001 |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS ALCOHOL CONCENTRATION RESULTS

Defendant has moved to suppress the breath alcohol test results in this matter. The government responds as follows:

The Defendant first assigns error to the Ranger for failing to advise him of the Wyoming implied consent law prior to asking the Defendant to submit to a breath alcohol test. The Defendant devotes the entirety of his motion arguing state law and makes no reference to the law which actually controls in this case—federal law.

Section 3118 of the United States Code–the federal implied consent statute–provides:

> (a) Whoever operates a motor vehicle in the special maritime and territorial jurisdiction of the United States consents thereby to a chemical test or tests of such person's blood, breath or urine, is arrested for any offense arising from such person's driving while under the influence of a drug or alcohol in such jurisdiction. The test or tests shall be administered upon the request of a police officer having reasonable grounds to believe the person arrested to have been driving a motor vehicle upon the special maritime and territorial jurisdiction of the United States while under the influence of drugs or

>   alcohol in violation of the laws of a State, territory, possession or district.[1]
>
>   (b) Whoever, having consented to a test or tests by reason of subsection (a), refuses to submit to such a test or tests, after having first been advised of the consequences of such a refusal, shall be denied the privilege of operating a motor vehicle upon the special maritime and territorial jurisdiction of the United States during the period of a year commencing on the date of arrest upon which such test or tests was refused, ...

The very act of his operating a motor vehicle in the jurisdiction of the United States provided the only consent needed in this matter. And, although he could have refused the test, he had no statutory right to do so and therefore had no right to be advised of same. *See, United States v. Sauls,* 981 F.Supp. 909, 912 (D. Md. 1997). Section 3118 does not create any statutory obligation to advise a defendant that he has the right to refuse, because no such right exists. This is made more clear by 36 C.F.R. § 4.23(c)(2) which states that "refusal by an operator to submit to a test is <u>prohibited</u> and proof of refusal may be admissible in any related judicial proceeding." Therefore, the Ranger did not need to obtain a waiver of rights, but only needed to obtain compliance with the test, which he did. Any advisement provided to the Defendant under section 3118(b) need only occur *after* a refusal *and* before ones privilege to drive on federal property can be taken away.

Even were the Defendant to make an assimilation argument, "federal courts are not required to follow specific provisions of state law which go beyond establishing the elements of an offense and the range of punishment, or which are inconsistent with federal policies expressed in federal

---

[1] It does not violate the United States Constitution to create a statute which implies consent and "forces a person suspected of driving while intoxicated to submit to a blood alcohol test." *South Dakota v. Neville,* 459 U.S. 553, 559 (1983).

statutes." *United States v. Dillon,* 983 F.Supp. 1037, 1040 (D. Kan. 1997)(*quoting United States v. Sain,* 795 F.2d 888, 890-91 (10th Cir. 1986). The Defendant's arrest occurred on federal property and the federal implied consent law controls. Therefore, the Wyoming implied consent warning and other procedural requirements are simply not applicable in this proceeding.

Lastly, the Defendant makes a <u>one</u> sentence allegation at the close of his motion–with no supporting argument or case law whatsoever–that the portable breath test ("PBT") result must also be suppressed because the Ranger did not observe the Defendant for 20 minutes prior to administering the test. The government will only respond to this conclusory statement by stating that the assertion that procedures may not have been followed as to the administering of the PBT impact only the credibility of the *results* of the tests, not the admissibility thereof.

In conclusion this Court should deny the Defendant's "Motion to Suppress Alcohol Concentration Results."

Respectfully submitted this 20th day of December, 2011.

                              CHRISTOPHER A. CROFTS
                              United States Attorney

By: _____
        FRANCIS LELAND PICO
        Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that I served a true and correct copy of the foregoing **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS ALCOHOL CONCENTRATION RESULTS** upon the following by email dated this __20th__ day of December, 2011:

Jami Rebson
Attorney at Law
P.O. Box 670
Livingston, MT 59047
Attorney for Defendant

                                             s/Francis Leland Pico
                                             For the United States Attorney's Office