

## UNITED STATES DISTRICT COURT
### for the DISTRICT of WYOMING
### at YELLOWSTONE NATIONAL PARK

UNITED STATES OF AMERICA,
        Plaintiff,

vs.

JACK KANE PARRENT, JR.,
        Defendant.

**JUDGMENT IN A CRIMINAL CASE**
11-MJ-100

Case Number 2:11M2105-001

<u>JAMI REBSOM</u>
Defendant's Attorney

THE DEFENDANT: pled not guilty to counts <u>1, 2 and 3</u>.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 36 C.F.R. §4.23(a)(1) | DUI - commercial vehicle | June 3, 2011 | 1 |
| 36 C.F.R. §4.2(b); W.S.A. 31-18-303/31-18-701; 49 C.F.R. §392.5(a)(2) | Operate commercial vehicle with detectable amount of alcohol | June 3, 2011 | 3 |

The defendant is sentenced as provided in pages 2 through 5 of this Judgment.

Count 2 was dismissed by the Court in the Memorandum Opinion and Order filed January 12, 2012:

| | | | |
|---|---|---|---|
| 36 C.F.R. §4.23(a)(2) | Operate commercial vehicle with blood alcohol concentration greater than 0.08% | June 3, 2011 | 2 |

    IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district 10 days prior to any change of residence or mailing address until all fines, donation-restitution, costs, and special assessments imposed by this judgment are fully paid.

Defendant's USM Number: **N/A**

                                        January 31, 2012
                                       Date of Imposition of Sentence

                                       Stephen E. Cole
                                       United States Magistrate Judge

                                       January 31, 2012
                                             Date

| | |
|---|---|
| DEFENDANT:  JACK KANE PARRENT, JR.<br>CASE NUMBER  2:11M2105-001 | Judgment-Page 2 of 5 |

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ONE HUNDRED EIGHTY (180) DAYS.

The Court makes the following recommendations to the Bureau of Prisons:

    The defendant is sentenced to ninety (90) days incarceration as to Count 1 and ninety (90) days incarceration as to Count 2, to be served consecutively, for a total sentence of one hundred eighty (180) days, with credit for one (1) day time served.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____ at _____

_____, with a certified copy of this Judgment.

                                                                                   _____
                                                                                   United States Marshal

                                        By: _____
                                                                                Deputy Marshal

DEFENDANT:  JACK KANE PARRENT, JR.      Judgment-Page 3 of 5
CASE NUMBER  2:11M2105-001

## SUPERVISED PROBATION

The defendant is hereby placed on supervised probation for a term of TWO (2) YEARS.

While on probation, the defendant shall not commit any federal, state, or local crime.

While on probation, the defendant shall not illegally possess a controlled substance. Revocation of probation is mandatory for possession of a controlled substance.

The defendant shall make special assessment, donation-restitution and fine payments as ordered by the Court and is required to notify the Court of any material change in the defendant's economic circumstances that might affect the defendant's ability to meet these monetary obligations.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth on the following page).  The defendant shall also comply with the following additional conditions:

The defendant shall submit to a test of blood, breath, saliva or urine upon demand of the United States Probation Officer or any law enforcement officer.

The defendant shall submit to a search of person, residence, workplace or vehicle upon reasonable suspicion of the United States Probation Officer.

The defendant shall not use or possess alcohol or any controlled substances defined in 21 U.S.C. §802 unless prescribed by a licensed medical practitioner.

The defendant shall not frequent establishments where the sale of alcohol is their primary source of income.

The defendant shall not use or possess any firearms, destructive devices or other dangerous weapons.

The defendant shall participate in a substance abuse program and complete any recommended treatment.

DEFENDANT: JACK KANE PARRENT, JR.                                    Judgment-Page 4 of 5
CASE NUMBER  2:11M2105-001

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the Court or probation officer;

2) the defendant shall report to the probation officer as directed by the Court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this judgment.

DEFENDANT:  JACK KANE PARRENT, JR.  Judgment-Page 5 of 5
CASE NUMBER  2:11M2105-001

## FINANCIAL PENALTIES

The defendant shall pay the following total financial penalties in accordance with the schedule of payments set out below.

| Count | Assessment | Processing Fee | Donation-Restitution | Fine |
|---|---|---|---|---|
| 1 | $10.00 | $0.00 | $0.00 | $0.00 |
| 2 | $0.00 | $0.00 | $0.00 | $0.00 |
| 3 | $10.00 | $0.00 | $0.00 | $0.00 |
| Totals: | $20.00 | $0.00 | $0.00 | $0.00 |

## FINE AND/OR DONATION-RESTITUTION

The fine and/or donation-restitution includes any costs of incarceration and/or supervision.  The fine is inclusive of all penalties and interest, if applicable.

The defendant shall pay interest on any fine and/or donation-restitution of more than $2,500, unless the fine and/or donation-restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the below payment options are subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

The court has determined that the defendant does not have the ability to pay interest or penalties and it is ordered that:

The interest and penalties not be applied to fine and/or donation-restitution.

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order: (1) assessment; (2) processing fee; (3) donation-restitution; (4) fine principal; (5) cost of prosecution; (6) interest; (7) penalties.

The total fine and other monetary penalties shall be due as follows:

In full not later than **November 1, 2012** payable to **Clerk, U.S. District Court, 2120 Capitol Avenue, Room 2131, Cheyenne, WY 82001**.