```
                                                                    1

 1                  IN THE UNITED STATES DISTRICT COURT

 2                       FOR THE DISTRICT OF WYOMING

 3   ----------------------------------------------------------------

 4   UNITED STATES OF AMERICA,

 5              Plaintiff,          Case No. 2:11MJ100

 6         vs.                      Yellowstone National Park,
                                    Wyoming
 7                                  June 6, 2011
     JACK KANE PARRENT JR.,
 8
                Defendant.
 9
     ----------------------------------------------------------------
10
     UNITED STATES OF AMERICA,
11
                Plaintiff,          Case No. 2:11MJ101
12
           vs.
13
     KEVIN LEON STARK,
14
                Defendant.
15
     ----------------------------------------------------------------
16
           TRANSCRIPT OF RECORDED INITIAL APPEARANCE PROCEEDINGS
17
                  BEFORE THE HONORABLE STEPHEN E. COLE
18                         UNITED STATES MAGISTRATE

19   APPEARANCES:

20   For the Plaintiff:        MR. LELAND F. PICO
                               Assistant U. S. Attorney
21                             MR. SAM QIU
                               Intern
22                             Yellowstone Justice Center
                               P. O. Box 703
23                             Yellowstone National Park, WY  82190

24   Proceedings recorded by electronic sound recording

25   Transcript produced by New Life Transcription Service,
     5023 East Villa Circle, Cheyenne, Wyoming, (307) 214-3912
```

```
 1                       P R O C E E D I N G S
 2              COURTROOM CLERK:  All rise.  The United States
 3   District Court for the District of Wyoming in Yellowstone
 4   National Park is now in session.
 5              THE COURT:  Please be seated.  There are two cases
 6   before the Court this afternoon.  The first is United States of
 7   America versus Jack Kane Parrent Jr.  Which one of you is
 8   Mr. Parrent?  Is that your correct name?
 9              DEFENDANT PARRENT:  Yes, sir.
10              THE COURT:  Mr. Parrent, you've been charged by a
11   Criminal Complaint as follows:  On or about June the 3rd, 2011,
12   in the District of Wyoming, within the exterior boundaries of
13   Yellowstone National Park, an area of exclusive federal
14   jurisdiction, Jack Kane Parrent did, Count I, recklessly engage
15   in conduct which placed another person in danger of death or
16   serious bodily injury by driving a commercial tour bus which
17   was loaded with 45 middle school students and 2 adult
18   chaperones while having a blood alcohol content of over 0.091
19   grams of alcohol per 210 liters of breath, which is a violation
20   of Title 36 Code of Federal Regulations Section 4.2, Subsection
21   (b), which assimilates and makes a federal offense of Wyoming
22   Statute Section 6-2-504(a)(c).  This is a class A misdemeanor.
23              Mr. Parrent, if you are found guilty of this charge,
24   there is a maximum term in prison of one year and a maximum
25   fine of $750 or both the fine and the sentence.
```

1  Count No. II, knowingly did operate a motor vehicle
2  with a blood alcohol content greater than 0.08 grams of alcohol
3  per 210 liters of breath, to wit, driving a commercial tour bus
4  with passengers from Gardiner, Montana to the Lamar Valley in
5  Yellowstone National Park with a blood alcohol content of 0.091
6  grams of alcohol per 210 liters of breath, which is a violation
7  of Title 36 Code of Federal Regulations, Section 4.23(a)(2).
8  This is a class B misdemeanor.
9  And if you are found guilty, you can be fined a
10 maximum of $5,000 or sentenced to a maximum of six months in
11 jail or both the fine and the sentence.
12 Count No. III, knowingly did operate a commercial
13 vehicle while on duty with a detectable amount of alcohol, to
14 wit, driving a commercial tour bus with passengers from
15 Gardiner, Montana to the Lamar Valley in Yellowstone National
16 Park with a blood alcohol content of 0.091 grams of alcohol per
17 210 liters of breath, in violation of Title 36 Code of Federal
18 Regulations Section 4.2(b), and this assimilates Wyoming
19 Statute 31-18-303 and Wyoming Statute 31-18-701, and this is a
20 class B misdemeanor.
21 If you are found guilty of this charge, there is a
22 maximum jail term of six months, a maximum fine of $750 or both
23 the fine and the sentence.  This Complaint is subscribed and
24 sworn to by Alec Chapman, a United States National Park Service
25 ranger.

1            Do you understand the nature of these charges,

2  Mr. Parrent?

3            DEFENDANT PARRENT:  Yes.

4            THE COURT:  Were you provided with a copy of this

5  Complaint?

6            DEFENDANT PARRENT:  Yes.

7            THE COURT:  And did you read it?

8            DEFENDANT PARRENT:  Yes, I did.

9            THE COURT:  Do you have any questions about any of the

10 charges?

11           DEFENDANT PARRENT:  No, sir.

12           THE COURT:  Do you have any questions about any of the

13 potential penalties if you are found guilty?

14           DEFENDANT PARRENT:  No, sir.

15           THE COURT:  The second case is the United States of

16 America versus Kevin Leon Stark.  Is that your correct name?

17           DEFENDANT STARK:  Yes, Your Honor.

18           THE COURT:  Mr. Stark, you've also been charged with

19 three counts by Criminal Complaint.  On or about June the 3rd,

20 2011, in the District of Wyoming, within the exterior

21 boundaries of Yellowstone National Park, an area of exclusive

22 federal jurisdiction, Kevin Leon Clark (sic) did, in Count I,

23 recklessly engage in conduct which placed another person in

24 danger of death or serious bodily injury by driving a

25 commercial tour bus which was loaded with 45 middle school

1  students and 2 adult chaperones while having a blood alcohol
2  content over 0.032 grams of alcohol per 210 liters of breath, a
3  violation of Title 36 Code of Federal Regulations Section 4.2,
4  Subsection (b), and this assimilates Wyoming Statute Section
5  6-2-504(a)(c).  This is a class A misdemeanor.
6         The penalties are the same, Mr. Stark, for you as for
7  Mr. Parrent, not more than one year in prison, not more than
8  $750 fine or both a fine and the sentence.
9         Count No. II, knowingly did operate a commercial
10 vehicle while on duty with a detectable amount of alcohol, to
11 wit, driving a commercial tour bus with passengers from
12 Gardiner, Montana to the Lamar Valley in Yellowstone National
13 Park with a blood alcohol content of 0.032 grams of alcohol per
14 210 liters of breath, a violation of Title 36 Code of Federal
15 Regulations Section 4.2(b), which assimilates Wyoming Statute
16 Section 31-18-303 and Wyoming Statute Section 31-18-701, and
17 also it is a violation of 49 Code of Federal Regulations
18 Section 392.5(a)(2).  This is a class B misdemeanor.
19         It carries a penalty of not more than six months in
20 jail or not more than $750 fine or both the fine and the
21 sentence.
22         And the third count is recklessly created a public --
23 or created a risk of public jeopardy in that he created and
24 maintained a hazardous condition, to wit, driving a commercial
25 tour bus which was loaded with 45 middle school students and 2

1   adult chaperones while having a blood alcohol content over

2   0.032 grams of alcohol per 210 liters of breath, a violation of

3   Title 36 Code of Federal Regulations Section 4.34(a)(iiii).

4   This is a class B misdemeanor.

5          If you are found guilty, you can be fined a maximum of

6   $5,000, sentenced to a term in jail not to exceed six months or

7   both the fine and the sentence.

8          Now, in addition to the penalties I've advised you,

9   both of you can be placed on unsupervised probation for a

10  period not to exceed five years on the class B misdemeanors.

11  On the class A misdemeanors, you can be placed on supervised

12  probation.

13         Is there a limit on those, Mr. Pico?  Is it one year

14  or is it up to five?

15         MR. PICO:  It's up to five, Your Honor.

16         THE COURT:  So you can be placed on supervised

17  probation for up to five years on the class A misdemeanor that

18  you've been charged with.

19         Also, if you're found guilty of -- of any of these

20  charges that have to do with the operation of a motor vehicle,

21  you -- the Court will forward to the State of Montana, which

22  I'm assuming that you both have got your driver's licenses and

23  your CDLs from the State of Montana, and the Court will forward

24  an abstract of the court record to the DMV in Helena, and they

25  will, in all likelihood, suspend or revoke your driver's

1  licenses.
2           Do you understand the charges against you, Mr. Stark?
3           DEFENDANT STARK:  Yes, sir.
4           THE COURT:  Do you have any questions?
5           DEFENDANT STARK:  No, sir.
6           THE COURT:  Do you understand the potential penalties
7  if you are found guilty?
8           DEFENDANT STARK:  Yes, sir.
9           THE COURT:  Prior to court this afternoon you both
10 were provided with a document which explains your
11 constitutional rights to you.
12          Did you read this document, Mr. Parrent?
13          DEFENDANT PARRENT:  Yes, sir.
14          THE COURT:  Did you understand each and every one of
15 the rights that was explained to you in that document?
16          DEFENDANT PARRENT:  Yes.
17          THE COURT:  Do you have any questions about any of
18 your rights?
19          DEFENDANT PARRENT:  No, sir.
20          THE COURT:  And you did sign an acknowledgment that
21 you did, in fact, read the Statement of Rights and that you do
22 understand your rights; is that correct?
23          DEFENDANT PARRENT:  Yes, sir.
24          THE COURT:  One of the most important rights that you
25 both have under the United States Constitution is a right to be

1   represented by an attorney in a criminal matter.
2             Do you want to be represented by an attorney,
3   Mr. Stark?
4             DEFENDANT STARK:  Yes, sir.
5             THE COURT:  Excuse me.  I'm doing Mr. Parrent first
6   here.  Mr. Parrent?
7             DEFENDANT PARRENT:  Yes, sir.
8             THE COURT:  Are you going to hire your own attorney?
9             DEFENDANT PARRENT:  Sir, I'd like a court-appointed
10  one, if I could.
11            THE COURT:  So you're -- you're claiming indigency,
12  are you, Mr. Parrent?
13            DEFENDANT PARRENT:  Yes, sir.
14            THE COURT:  And are you employed?
15            DEFENDANT PARRENT:  Probably not, sir.
16            THE COURT:  Would you please rise and be sworn, raise
17  your right hand.
18            COURTROOM CLERK:  Do you solemnly swear that the
19  testimony you are about to give in the court -- in the case now
20  before the Court today will be the truth, the whole truth and
21  nothing but the truth, so help you God?
22            DEFENDANT PARRENT:  Yes, I do.
23            COURTROOM CLERK:  Please be seated.
24            THE COURT:  I'm sorry, Mr. Parrent, would you repeat
25  your answer.

1        DEFENDANT PARRENT:  Yes.  Yes, sir.
2        THE COURT:  You are employed?
3        DEFENDANT PARRENT:  No, sir.
4        THE COURT:  When were you last employed?
5        DEFENDANT PARRENT:  The day of this incident, I
6   believe.
7        THE COURT:  So you were fired?
8        DEFENDANT PARRENT:  I haven't officially been fired,
9   but I talked to a manager, and he told me I'll be bringing in
10  my key, so I'm assuming that means I've been fired.  I'm not
11  sure.
12       THE COURT:  And you don't have any other job?
13       DEFENDANT PARRENT:  No.  I'm a full-time student at
14  Montana State University.
15       THE COURT:  What year are you in?
16       DEFENDANT PARRENT:  I'm beginning my senior year.
17       THE COURT:  In the fall?
18       DEFENDANT PARRENT:  Yes.
19       THE COURT:  What are you studying?
20       DEFENDANT PARRENT:  Elementary education.
21       THE COURT:  Do you -- are you married?
22       DEFENDANT PARRENT:  Yes, I am.
23       THE COURT:  Do you have any children?
24       DEFENDANT PARRENT:  I do, sir.
25       THE COURT:  How many?

1          DEFENDANT PARRENT:  I have three boys.
2          THE COURT:  How old are they?
3          DEFENDANT PARRENT:  15, 12, and 9.
4          THE COURT:  Do you own your own home?
5          DEFENDANT PARRENT:  No.
6          THE COURT:  Do you rent?
7          DEFENDANT PARRENT:  Yes.
8          THE COURT:  How much is your rent per month?
9          DEFENDANT PARRENT:  It's approximately 760.
10         THE COURT:  Do you have a checking account?
11         DEFENDANT PARRENT:  No.
12         THE COURT:  Do you have a savings account?
13         DEFENDANT PARRENT:  No.
14         THE COURT:  How much cash do you have on hand?
15         DEFENDANT PARRENT:  I have about $20 in my pocket.
16         THE COURT:  So that's what -- that's what you've got
17   in the world is 20 bucks?
18         DEFENDANT PARRENT:  Yes, sir.  My wife is also a
19   full-time student, and we're just living on student loans.
20         THE COURT:  Does she work?
21         DEFENDANT PARRENT:  No.
22         THE COURT:  Are you the beneficiaries of any trusts or
23   estates?
24         DEFENDANT PARRENT:  No, sir.
25         THE COURT:  Do you own any real property?

1           DEFENDANT PARRENT:  No, sir.

2           THE COURT:  Do you own any stocks or bonds?

3           DEFENDANT PARRENT:  No, sir.

4           THE COURT:  Do you have any assets other than what
5    I've spoken of?

6           DEFENDANT PARRENT:  Maybe a couple thousand dollars
7    worth of construction tools.  That's about it.

8           THE COURT:  When did you last use those?  Did you use
9    those in a professional capacity?

10          DEFENDANT PARRENT:  Yes, I have.

11          THE COURT:  When did you last use 'em?

12          DEFENDANT PARRENT:  Probably four years ago.

13          THE COURT:  All right.  I'll appoint an attorney to
14   represent you, Mr. Parrent, and before you leave here today,
15   I'll need you to fill out a financial affidavit.

16          DEFENDANT PARRENT:  Yes, sir.

17          THE COURT:  Mr. Stark, did you read the Statement of
18   Rights?

19          DEFENDANT STARK:  Yes, Your Honor.

20          THE COURT:  You understand each and every right that
21   was explained to you in the Statement of Rights?

22          DEFENDANT STARK:  Yes, Your Honor.

23          THE COURT:  Do you have any questions about any of
24   your rights?

25          DEFENDANT STARK:  No, Your Honor.

1	THE COURT:  And you understand that you do have the
2	right to be represented by an attorney and you can either hire
3	your own attorney; if you can't afford one, you can request the
4	Court to appoint one for you, or you can waive your right and
5	appear on your own?
6	DEFENDANT STARK:  I understand, Your Honor.
7	THE COURT:  Do you want to be represented by an
8	attorney?
9	DEFENDANT STARK:  I do, sir.
10	THE COURT:  Are you going to hire your own?
11	DEFENDANT STARK:  No, sir.  I'd like a court-appointed
12	one, please.
13	THE COURT:  Would you rise and the best you can raise
14	your right hand.
15	COURTROOM CLERK:  Do you solemnly swear that the
16	testimony you're about to give in the case now before the Court
17	will be the truth, the whole truth and nothing but the truth,
18	so help you God?
19	DEFENDANT STARK:  I do.
20	THE COURT:  Are you married, Mr. Stark?
21	DEFENDANT STARK:  Yes, sir.
22	THE COURT:  Have any children?
23	DEFENDANT STARK:  Yes, sir, I have three boys.
24	THE COURT:  How old are they?
25	DEFENDANT STARK:  11, 13, and 17.

```
     USA v. PARRENT/STARK        INITIAL APPEARANCE       2:11MJ-100/2:11MJ-101
                                                                         13
```

1          THE COURT:  Do you have any other job besides this
2  one?
3          DEFENDANT STARK:  Not at this time, sir.
4          THE COURT:  Does your wife work?
5          DEFENDANT STARK:  No, sir.
6          THE COURT:  Do you own your own home?
7          DEFENDANT STARK:  No, sir, I rent.
8          THE COURT:  What's your rent per month?
9          DEFENDANT STARK:  $700.
10         THE COURT:  Do you have a checking account?
11         DEFENDANT STARK:  No, sir.
12         THE COURT:  Do you have a savings account?
13         DEFENDANT STARK:  Yes, sir.
14         THE COURT:  What's the balance in that savings
15 account?
16         DEFENDANT STARK:  $50.
17         UNIDENTIFIED SPEAKER:  10.
18         DEFENDANT STARK:  $10.
19         THE COURT:  $10?
20         DEFENDANT STARK:  Yes, sir.
21         THE COURT:  Do you have any other cash on hand?
22         DEFENDANT STARK:  I have what I have in the thing.  I
23 think I have a hundred dollars in my wallet.
24         THE COURT:  Do you own any stocks or bonds?
25         DEFENDANT STARK:  No, sir.

1         THE COURT: Are you a beneficiary of any trusts or
2    estates?
3         DEFENDANT STARK: No, sir.
4         THE COURT: Do you own any other real property?
5         DEFENDANT STARK: No, sir.
6         THE COURT: Do you have any other assets other than
7    what we've talked about just now?
8         DEFENDANT STARK: No, sir.
9         THE COURT: All right. I'll appoint an attorney for
10   you as well.
11        Mr. Qiu or Mr. Pico.
12        MR. PICO: Thank you, Your Honor. With regard to the
13   matter of bond, on Mr. Stark we would recommend a $2500
14   signature bond, Your Honor, with the conditions that he be
15   prohibited from using or possessing alcohol, that -- during the
16   pendency of these proceedings obviously; that he not travel
17   beyond Gallatin County and Park County, Montana, and obviously
18   Yellowstone National Park for purposes of this court hearing;
19   that he be subjected to testing at will by law enforcement
20   officers and search of his person, premises, vehicles upon
21   reasonable suspicion.
22        And we have no objection to continuing the bond with
23   Mr. Parrent.
24        THE COURT: And do you recall what Mr. Parrent's bond
25   is?

1       MR. PICO:  I think it's a thousand-dollar cash bond if
2  I -- if I'm not mistaken, and I guess we would ask that those
3  same conditions -- it seems to me that they were put in place
4  as I've just described, and if they weren't, we'd like the same
5  conditions for Mr. Parrent.
6       I'll have to -- do you have his . . .
7       Looks like those are in place, so we have no objection
8  to continuing, and I have the original here, Your Honor.  We
9  can give that to you and get a copy from the Court later.
10      THE COURT:  Thank you.
11      Mr. Parrent, I'll continue your bond.  Do you still
12 have a copy of --
13      DEFENDANT PARRENT:  Yes, I do, Your Honor.
14      THE COURT:  -- what was given to you when you were
15 released from jail?
16      DEFENDANT PARRENT:  Yes.
17      THE COURT:  Okay.  I'll continue that as it is.  How
18 long have you lived in Bozeman?
19      DEFENDANT PARRENT:  Three and a half years now.
20      THE COURT:  Where are you -- where did you come from?
21      DEFENDANT PARRENT:  Originally I'm from Cut Bank,
22 Montana.
23      THE COURT:  You've lived in Montana your whole life?
24      DEFENDANT PARRENT:  Yes.
25      THE COURT:  Would the Government have any objection if

1   the Court remitted the $1,000 to Mr. Parrent and put him on a

2   $2500 personal recognizance as it's doing with Mr. Stark?

3              MR. PICO:  That would be fine, Your Honor.  Thank you.

4              THE COURT:  Since it appears like you -- as you don't

5   have a whole lot of cash to live on, Mr. Parrent, I'm going to

6   return the $1,000 cash to you, but you will have to sign a

7   $2500 appearance bond.

8              And for both of you that's essentially a contract that

9   you make with the court that you will abide by the conditions

10  of the order setting the conditions of your release, and if you

11  violate those conditions, then you will owe the court $2500,

12  and in all likelihood, you will be incarcerated pending the

13  outcome of your case.  Is that clear?

14             DEFENDANT STARK:  Yes, Your Honor.

15             DEFENDANT PARRENT:  Yes, Your Honor.

16             THE COURT:  Do you have any questions?

17             DEFENDANT STARK:  No, Your Honor.

18             DEFENDANT PARRENT:  No.

19             THE COURT:  Mr. Stark, you as well as Mr. Parrent are

20  not to use or be in possession of any alcoholic beverages while

21  you are on release.  You're not to leave Gallatin or Park

22  County, Montana without first obtaining permission from the

23  Court.  Is there any reason why either one of you would be

24  needing to leave Gallatin or Park County at any time soon?

25             DEFENDANT STARK:  Not at this time, sir.

USA v. PARRENT/STARK            INITIAL APPEARANCE         2:11MJ-100/2:11MJ-101

17

1       DEFENDANT PARRENT:  No, Your Honor.
2       THE COURT:  Also, you both will submit to a test of
3  your blood, breath or urine upon the demand of any law
4  enforcement officer.  Is that clear?
5       DEFENDANT STARK:  Yes, Your Honor.
6       DEFENDANT PARRENT:  Yes.
7       THE COURT:  That's not a choice.  You don't have a
8  choice.  That's a condition of your release.
9       DEFENDANT STARK:  Understood, Your Honor.
10      THE COURT:  Secondly, you will submit to a search of
11 your person, your residence, your vehicle or your workplace
12 upon reasonable suspicion of any law enforcement officer that
13 you have violated a condition of your release or that you are
14 in possession of contraband.  Is that clear?
15      DEFENDANT STARK:  Yes, Your Honor.
16      DEFENDANT PARRENT:  Yes, Your Honor.
17      THE COURT:  Do you have any proposed date for an
18 arraignment, Mr. Pico?
19      MR. PICO:  I would guess with the -- before the end of
20 the month, Your Honor, maybe the third week of June or
21 thereabouts.  I guess as soon as the Court can find counsel,
22 then we can provide for discovery, and we need some time to do
23 that.
24      THE COURT:  I have -- on Thursday, June the 23rd I've
25 got a trial listed here for a Jeffrey van Ee.

NEW LIFE TRANSCRIPTION SERVICE                              307.214.3912

1       MR. QIU: That's scheduled to go forward.

2       THE COURT: That will go to trial?

3       MR. QIU: Right.

4       THE COURT: And you think that will only take the
5  afternoon?

6       MR. QIU: Yes.

7       THE COURT: All right. We'll set the arraignment for
8  10 a.m. on Thursday, June the 23rd. That will give you plenty
9  of time to discuss the matter with your -- with counsel, and I
10 would expect you both to be here at 10 a.m. sharp --

11      DEFENDANT PARRENT: Yes, sir.

12      THE COURT: -- or a little earlier. Do either of you
13 gentlemen have any questions?

14      DEFENDANT STARK: No, Your Honor.

15      DEFENDANT PARRENT: No.

16      THE COURT: Government have anything else, Mr. Pico?

17      MR. PICO: Not in this matter, Your Honor. Thank you.

18      THE COURT: All right. We'll take a approximately
19 10-minute recess. And, of course, I'll want both of you to
20 sign the appearance bond and the order setting the conditions
21 of your release before you leave here today.

22      DEFENDANT STARK: Yes, Your Honor.

23      COURTROOM CLERK: All rise.

24

25                              --oOo--

```
 1                    C E R T I F I C A T E
 2
 3
 4         I, LORI ARNOLD, a Registered Merit Reporter, do hereby
 5   certify that the foregoing is a correct transcript from the
 6   official recording of the proceedings in the above-entitled
 7   matter.
 8         Dated this 5th day of April, 2012.
 9
10
11
12                                  /s/ Lori Arnold
                                    _____
13                                     LORI ARNOLD
                                    Registered Merit Reporter
14
15
16
17
18
19
20
21
22
23
24
25
```