```
 1                IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF WYOMING

 3   ----------------------------------------------------------------

 4   UNITED STATES OF AMERICA,

 5              Plaintiff,          Case No. 2:11MJ100

 6        vs.                       Yellowstone National Park,
                                    Wyoming
 7                                  June 23, 2011
     JACK KANE PARRENT JR.,
 8
               Defendant.
 9
     ----------------------------------------------------------------
10
     UNITED STATES OF AMERICA,
11
               Plaintiff,           Case No. 2:11MJ101
12
          vs.
13
     KEVIN LEON STARK,
14
               Defendant.
15   ----------------------------------------------------------------

16         TRANSCRIPT OF RECORDED ARRAIGNMENT PROCEEDINGS

17           BEFORE THE HONORABLE STEPHEN E. COLE
                      UNITED STATES MAGISTRATE
18

19   APPEARANCES:

20   For the Plaintiff:      MR. LELAND F. PICO
                             Assistant U. S. Attorney
21                           Yellowstone Justice Center
                             P. O. Box 703
22                           Yellowstone National Park, WY  82190

23
     Proceedings recorded by electronic sound recording
24
     Transcript produced by New Life Transcription Service,
25   5023 East Villa Circle, Cheyenne, Wyoming, (307) 214-3912
```

| USA v. PARRENT/STARK | ARRAIGNMENT | 2:11MJ100/2:11MJ101 |

2

1  APPEARANCES CONTINUED:

2  For the Defendant          MS. JAMI REBSOM
   Parrent:                   Attorney at Law
3                             320 N. Main Street
                              Livingston, MT  59047
4
   For the Defendant          MR. ALEX H. RATE
5  Stark:                     Attorney at Law
                              P. O. Box 1387
6                             Livingston, MT  59047

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

| USA v. PARRENT/STARK | ARRAIGNMENT | 2:11MJ100/2:11MJ101 |

USA v. PARRENT/STARK          ARRAIGNMENT         2:11MJ100/2:11MJ101

3

1              P R O C E E D I N G S

2          COURTROOM CLERK: All rise. The United States
3  District Court for the District of Wyoming in Yellowstone
4  National Park is now in session.
5          THE COURT: Please be seated. The matter for the
6  Court this -- before the Court this morning is an arraignment
7  in two cases. The first is the United States of America versus
8  Jack Kane Parrent, who has three counts against him by Criminal
9  Complaint. And the second case is United States of America
10 versus Kevin Leon Stark, who also has three charges. Both of
11 these gentlemen appeared for an initial appearance.
12         The charges are class A misdemeanor, reckless
13 endangerment for Mr. Parrent, and a second count is operating a
14 motor vehicle with a blood alcohol concentration of 0.08
15 percent or greater, and the third count is a DUI.
16         For Mr. Stark his first count is class A reckless
17 endangerment, and Count II is operating a commercial vehicle
18 with a detectable amount of alcohol. And the third count is
19 disorderly conduct, which is a class B misdemeanor.
20         As I said, both of these gentlemen appeared for an
21 initial appearance. They were advised of the charges against
22 them and have stated that they do understand the charges. They
23 were advised of their rights, and they have stated that they do
24 understand their rights, and they both exercised their right to
25 have counsel, and they requested court-appointed counsel.

1          The Court appointed Jami Rebsom for Mr. Parrent and
2   Alex Rate for Mr. Stark.
3          Mr. Pico.
4          MR. PICO:  Thank you, Your Honor.  The defendants have
5   had their initial appearance on June the 6th.  They have been
6   advised of the nature of the charges against them and the
7   maximum penalties.  They have requested counsel.  We're here
8   for the arraignment.  We have done a scheduling conference with
9   the Court immediately prior to this hearing, so the United
10  States is ready to proceed with the arraignment, Your Honor.
11  Thank you.
12         THE COURT:  Does counsel -- defense counsel have
13  anything prior to these gentlemen entering their pleas?
14         MS. REBSOM:  No, Judge.  I anticipate my client will
15  enter not guilty pleas, and then we do have one request for the
16  Court about the conditions of release.
17         THE COURT:  All right.  Mr. Rate?
18         MR. RATE:  Your Honor, we are prepared to proceed.
19         THE COURT:  All right.  First of all, Mr. Parrent, you
20  have -- you do understand the charges that have been filed
21  against you in this case, do you not?
22         DEFENDANT PARRENT:  Yes, Your Honor.
23         THE COURT:  I'm going to ask you now to enter a plea
24  to each of the charges.  The first count is recklessly engaged
25  in conduct which placed another person in danger of death or

1  serious bodily injury by driving a commercial tour bus which
2  was loaded with 45 middle school students and 2 adult
3  chaperones while having a blood alcohol content over 0.091
4  grams of alcohol per 210 liters of breath, which is a violation
5  of 36 CFR Section 4.2.  And this makes a federal offense of
6  Wyoming Statute 6-2-504(a)(2) (sic).  This is a class A
7  misdemeanor.  Do you plead guilty or do you plead not guilty?
8              DEFENDANT PARRENT:  Not guilty, Your Honor.
9              THE COURT:  Charge in Count II, knowingly operate a
10 motor vehicle with a blood alcohol content greater than 0.08
11 grams of alcohol per 210 liters of breath, a violation of 36
12 Code of Federal Regulations Section 4.23(a)(2), a class B
13 misdemeanor.  Do you plead guilty or not guilty?
14             DEFENDANT PARRENT:  Not guilty.
15             THE COURT:  Count III, knowingly did operate a
16 commercial vehicle while on duty with a detectable amount of
17 alcohol, a violation of 36 CFR Section 4.2(b), and that makes
18 an offense of Wyoming Statute Section 31-18-303 and 31-18-701,
19 and 49 Code of Federal Regulations Section 3 point -- or excuse
20 me, 392.5(a)(2).  All of these are class A (sic) misdemeanors.
21 Do you plead guilty or not guilty?
22             DEFENDANT PARRENT:  Not guilty.
23             THE COURT:  All right.  You may be seated.
24             And Mr. Stark.
25             DEFENDANT STARK:  Yes, Your Honor.

1    THE COURT: You were advised of the charges against
2 you at the initial appearance. Do you understand the charges
3 contained in the Criminal Complaint that's been filed in this
4 case?
5    DEFENDANT STARK: Yes, Your Honor.
6    THE COURT: On the charge in Count I of recklessly
7 engaging in conduct which placed another person in danger of
8 death or serious bodily injury by driving a commercial tour bus
9 which was loaded with 45 middle school students and 2 adult
10 chaperones while having a blood alcohol content over 0.032
11 grams of alcohol per 210 liters of breath, do you plead guilty
12 or not guilty?
13    DEFENDANT STARK: Not guilty, Your Honor.
14    THE COURT: And Count II, operating a motor vehicle
15 while on duty with a detectable amount of alcohol, a violation
16 of 36 CFR 4.2(b), and that makes Wyoming Statute 31-18-303 and
17 Wyoming Statute 31-18-701 and 49 CFR Section 392.5(a)(2).
18 These are class B misdemeanors. Do you plead guilty or not
19 guilty?
20    DEFENDANT STARK: Not guilty, Your Honor.
21    THE COURT: Count III, recklessly create a risk of
22 public jeopardy in that you created and maintained a hazardous
23 condition, to wit, driving a commercial tour bus which was
24 loaded with 45 middle school students and 2 adult chaperones
25 while having a blood alcohol content over 0.032 grams of

1   alcohol per 210 liters of breath, a violation of 36 CFR Section
2   4.34(a)(iii) (sic), a class B misdemeanor.  Do you plead guilty
3   or not guilty?
4           DEFENDANT STARK:  Not guilty, Your Honor.
5           THE COURT:  All right.  The Court will enter pleas of
6   not guilty -- you can be seated -- for both of these
7   defendants.
8           As Mr. Pico has alluded to, we have scheduled these
9   matters.  The motions -- defense motions will be filed by July
10  what?
11          MR. PICO:  14th.
12          THE COURT:  14th.  The Government's reply will be due
13  on the 21st of July, and a motion hearing is set for August the
14  2nd.
15          Trials are set as follows:  Mr. Stark will go to trial
16  on I believe it's August the 8th, and he is set for a two-day
17  trial.
18          Mr. Parrent will begin -- will start his trial on
19  August the 10th, and he is scheduled for a two-day trial as
20  well.
21          Any questions?
22          MR. PICO:  None on behalf of the United States.  Thank
23  you, Your Honor.
24          THE COURT:  Does the Government have anything further?
25          MR. PICO:  No.  We do wish to respond to the request

1  by Mr. Parrent for modifying the conditions of his bond.
2          THE COURT:  Okay.  Ms. Rebsom.
3          MS. REBSOM:  Judge, at this time I move to modify my
4  client Jack Parrent's conditions of release.  Mr. Parrent at
5  this point in time is prohibited from traveling outside of
6  Gallatin County.  However, he has always lived in the state of
7  Montana, and his mother and extended family live in Cut Bank,
8  Montana, and he would like to be able to travel at least to Cut
9  Bank, Montana.
10         THE COURT:  How often do you go to Cut Bank,
11 Mr. Parrent?
12         DEFENDANT PARRENT:  Just usually on weekends, Your
13 Honor.
14         THE COURT:  Every weekend?
15         DEFENDANT PARRENT:  Every other weekend.
16         THE COURT:  How long have you been doing that?
17         DEFENDANT PARRENT:  Ever since I started school for
18 the last three years in Bozeman.  At least once or twice a
19 month, Your Honor.
20         THE COURT:  All right.  I'll --
21         MR. PICO:  If I may, Your Honor.
22         THE COURT:  Okay.  Go ahead.
23         MR. PICO:  Thank you.  Your Honor, since the -- the
24 defendants have been put out on bond, and particularly
25 Mr. Parrent, the United States has discovered that there were

1  two warrants out there for Mr. Parrent for DUI charges, one in
2  the state of Washington, one in the state of Colorado, El Paso
3  County.  In both instances the jurisdictions decided that they
4  would not pursue these matters any further because he was gone,
5  but the fact of the matter is, my understanding, at least the
6  warrant in Washington state is -- is still out there, and it
7  was not cancelled.  My understanding the one in Colorado was
8  ultimately withdrawn.
9         Had we known that at the time, very honestly, we
10 would've moved for a pretrial detention as well as asking the
11 Court to have Pretrial Services prepare a bond report.  Given
12 the fact that he is here today obviously, it moots the point to
13 a certain extent, but I don't think Mr. Parrent should be
14 traveling anywhere at this point.  He needs a tight leash at
15 this point with the bond, and we would ask that that be done.
16 Thank you.
17        THE COURT:  That's rather disturbing that he has two
18 or at least one now outstanding warrants, and what were they
19 for, DUI?
20        MR. PICO:  DUIs, yes.
21        THE COURT:  I think maybe what I'll do with
22 Mr. Parrent is place him under pretrial supervision since it is
23 a class A.
24        I'm going to get the probation office, the Pretrial
25 Services to supervise you pending trial, Mr. Parrent, and then

1   I'll leave it -- at least I'll have some discussions with the
2   Pretrial Services officer as to whether or not he or she thinks
3   it's a good idea that you -- you be out on the road.  But until
4   then, you -- I don't want you leaving Gallatin County.  Is that
5   clear?
6           DEFENDANT PARRENT:  Yes, Your Honor.
7           THE COURT:  I'll call the supervisory probation
8   officer in Casper, and he can set it up with a Pretrial
9   Services officer in Montana, and you will have to report to
10  them.
11          I will amend your conditions of release to indicate
12  that you must keep in contact with the Pretrial Services
13  officer.  If you -- anything you're going to do, such as change
14  your address or leave town, you must contact the Pretrial
15  Services officer first.  But you'll be getting a new Conditions
16  of Pretrial Release, and I will mail it to Ms. Rebsom, and then
17  she can get it to you for your signature.  Okay?  Because there
18  will be some additional conditions on your release.  I'll have
19  to go over the -- the rules -- excuse me -- to see if I want to
20  add any others in addition to those I've just told you about.
21          But, again, when you do get your copy of it, I want
22  you to read it very carefully so that you know what you can and
23  you cannot do pending trial.  Do you understand?
24          DEFENDANT PARRENT:  Yes, Your Honor.
25          THE COURT:  Do you have any questions?

1    DEFENDANT PARRENT:  No.
2    THE COURT:  Anything else, Mr. Pico?
3    MR. PICO:  Not at this time.  Thank you, Your Honor.
4    THE COURT:  Ms. Rebsom?
5    MS. REBSOM:  Nothing further.
6    THE COURT:  Mr. Rate?
7    MR. RATE:  Nothing further, Your Honor.
8    THE COURT:  If there is nothing further, then we are
9    adjourned.
10   COURTROOM CLERK:  All rise.
11
12                         --oOo--
13
14
15
16
17
18
19
20
21
22
23
24
25

                                                                    12

1                        C E R T I F I C A T E

2

3

4            I, LORI ARNOLD, a Registered Merit Reporter, do hereby

5   certify that the foregoing is a correct transcript from the

6   official recording of the proceedings in the above-entitled

7   matter.

8            Dated this 5th day of April, 2012.

9

10

11

12                                  /s/ Lori Arnold
                                    _____
13                                      LORI ARNOLD
                                    Registered Merit Reporter
14

15

16

17

18

19

20

21

22

23

24

25